## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| NATALIE ADAMS, Individually and for Others Similarly Situated, | Case No. 6:20-cv-01099 |
| Plaintiff, | Collective Action |
| v. | |
| ABSOLUTE CONSULTING, INC. | Jury Trial Demanded |
| Defendant. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Absolute Consulting, Inc. (Absolute) does not pay overtime to the hourly employees it employs as required by the Fair Labor Standards Act (FLSA).

2. Instead, Absolute pays these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek.

3. Absolute did not pay Natalie Adams (Adams) or any other workers like her, overtime as required by the FLSA.

4. Adams brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### THE PARTIES

7. Adams was an hourly employee of Absolute.

8. Her written consent is attached as <u>Exhibit A</u>.

9. Adams worked for Absolute in Glen Rose, Texas in Somervell County.

10. Absolute is headquartered in Miramar Beach, Florida.

11. Absolute employed Adams and those similarly situated to her.

12. Absolute may be served with process by serving its registered agent Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

13. At all relevant times, Absolute was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Absolute was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

16. At all relevant times, Absolute has had an annual gross volume of sales made or business done of not less than $1,000,000.

17. At all relevant times, Adams and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

**THE FACTS**

18. Absolute is a staffing company that provides workers to the power industry including nuclear, thermal/fossil, transmission and distribution, oil and gas, renewable energy, and automotive.[1]

19. Among other things, it provides engineering, consulting, and staffing services to its clients and claims that is "at the forefront of procedure, technical writing methodology with its roots in nuclear power." *Id.*

20. Adams worked for Absolute in Glen Rose, Texas at the Comanche Peak Nuclear power plant.

21. Adams was an hourly employee of Absolute.

22. Adams earned $110 per hour while working at Absolute.

23. Adams worked as a project manager.

24. Adams worked for Absolute from March 2016 until April 2019.

25. During plant outages, Adams often worked 50-60 hours or more per week.

26. But Absolute paid Adams at her regular hourly rate for all hours worked in a week, including those over 40 in a week.

27. Thus, rather than receiving time and a half as required by the FLSA, Adams only received "straight time" pay for the overtime hours she worked.

28. The "straight time for overtime" scheme violated the FLSA.

29. Absolute has known about the FLSA, and its overtime requirement, for many years.

30. Absolute nonetheless failed to pay certain hourly employees, such as Adams, overtime.

31. In October 2018, Absolute changed its pay practice in an attempt to conform with the requirements of the FLSA.

---

[1] https://www.gses.com/absolute/

32. Absolute changed their pay to pay an alleged "salary" and then an "hourly bonus" for the hours worked beyond Absolute's "salary" threshold.

33. Adams reported the hours she worked to Absolute on a regular basis.

34. Adams did not receive a "guaranteed" salary in accordance with the FLSA.

35. Absolute made improper deductions from Adams' "salary."

36. The amount Adams earned after 40 hours in a week was not reasonably related to her "salary."

37. Adams regularly worked over 40 hours.

38. After Adams reached Absolute's "salary" threshold in a week, the hours she actually worked were paid at her straight time rate of $110 an hour.

39. Adams received her "straight time" pay for all hours worked on top of the "salary" pay for all hours in a week.

40. So once Adams reached her threshold hours, the amount of pay he actually received was not reasonably related to his "salary."

41. For example, if Adams worked 65 hours in a week she would be paid 25 hours at $110 an hour.

42. If the "excess hours" and the "salary" are added together it equals a ratio that clearly exceeds the Department of Labor's and case law's guidance of 1:1.5. *See* Dep't of Labor, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22184 (Apr. 23, 2004); *see also*, U.S. Dept. of Labor Wage and Hour Division Advisory Opinion from Bryan L. Jarrett, Acting Administrator, FLSA 2018-25, https://www.dol.gov/whd/opinion/FLSA/2018/2018_11_08_25_FLSA.pdf (Nov. 8, 2018) (last accessed October 8, 2020).

43. In fact, in most weeks when Adams worked over 40 hours, her actual earnings were not reasonably related to her "salary."

44. Absolute's payment scheme does not guarantee a salary because once these workers reach a certain number of hours, the amount they earn is not reasonably related to the amount received.

45. Any "salary" Adams received is not reasonably related to what she actually earned.

46. Absolute were and are aware of the overtime requirements of the FLSA.

47. Absolute nonetheless fail to pay certain employees, such as Adams, overtime as required under the FLSA.

48. Absolute failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

49. Absolute's illegal "straight time for overtime" policy extends beyond Adams.

50. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action

51. Defendant paid dozens of hourly employees according to the same unlawful scheme.

52. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

53. Therefore, the class is properly defined as:

> **All workers who perform services for Absolute who were, at any point since October 29, 2018, paid "straight time for overtime."**
> (The "Putative Class Members").

54. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**CAUSE OF ACTION – VIOLATION OF THE FLSA**

55. By failing to pay Adams and the Putative Class Members overtime at one-and-one-half times their regular rates, Absolute violated the FLSA's overtime provisions.

56. Absolute owes Adams and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

57. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek." 29 C.F.R. §541.604(b). Generally, a 1.5 to 1 ratio will be considered reasonably related. *Id. See also* Dep't of Labor, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed.Reg. 22122, 22184 (Apr. 23, 2004) ("if a nurse whose actual compensation is determined on a shift or hourly basis usually earns $1,200 per week, the amount guaranteed must be roughly equivalent to $1,200."); *see also*, U.S. Dept. of Labor Wage and Hour Division Advisory Opinion from Bryan L. Jarrett, Acting Administrator, FLSA 2018-25, https://www.dol.gov/whd/opinion/FLSA/2018/2018_11_08_25_FLSA.pdf (Nov. 8, 2018) (last accessed October 8, 2020).

58. Because Absolute knew or showed reckless disregard for whether its pay practices violated the FLSA, Absolute owes these wages for at least the past three years.

59. Absolute is liable to Adams and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

60. Adams and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**JURY DEMAND**

61. Adams demands a trial by jury.

## **PRAYER**

62. Adams prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Adams and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Adams and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
   **Michael A. Josephson**
   Texas Bar No. 24014780
   **Andrew Dunlap**
   Texas Bar No. 24078444
   **JOSEPHSON DUNLAP LAW FIRM**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com

   **AND**

   **Richard J. (Rex) Burch**
   Texas Bar No. 24001807
   **BRUCKNER BURCH PLLC**
   8 Greenway Plaza, Suite 1500
   Houston, Texas 77046
   713-877-8788 – Telephone
   713-877-8065 – Facsimile
   rburch@brucknerburch.com

   **ATTORNEYS IN CHARGE FOR PLAINTIFF**