IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **NATALIE ADAMS,**<br>　　　　　**Plaintiff,**<br><br>　　　　*v.*<br><br>**ABSOLUTE CONSULTING, INC.,**<br>　　　　　**Defendant.** | **6:20-CV-01099-ADA-DTG** |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

TO:　THE HONORABLE ALAN D ALBRIGHT,
　　　UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. This Case was referred to the undersigned on April 6, 2022, for all pretrial matters. ECF No. 56.

Before the Court is Defendant Absolute Consulting, Inc.'s ("Defendant" or "Absolute") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF No. 35) (the "Motion"). Plaintiff Natalie Adams ("Adams" or "Plaintiff") filed a Response in Opposition to the Motion (ECF No. 41), to which Defendant Replied (ECF No. 43). The Court heard Oral Argument on the Motion (ECF No. 63). For the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to the timely filed out-of-state Plaintiffs. The Court **RECOMMENDS DENYING** the motion as to the out-of-state plaintiffs who were not timely petitioned for dismissal.

1

## I. BACKGROUND

On December 2, 2020, Plaintiff Natalie Adams filed her Original Complaint against Defendant Absolute Consulting, Inc. in this Court. ECF No. 1. She filed her First Amended Complaint on September 15, 2021. ECF No. 33. In both complaints, she asserted a collective action against Absolute for violations of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA") by improperly paying "straight time for overtime." ECF No. 33 ¶¶ 26, 50. Plaintiff brought this action on her behalf and on behalf of all others similarly situated. *Id.* ¶ 4. Plaintiff defined the class for the collective action as "**All workers who perform[sic] services for Absolute who were, at any point since October 29, 2018, paid 'straight time for overtime.'**" *Id.* ¶ 53 (emphasis in original). The opt-in plaintiffs could consent to the action regardless of their state of residence. *Id.*

To join the action, plaintiffs could opt in by filing written notices of consent. Twenty-two additional plaintiffs filed such a notice on December 9, 2020. ECF No. 7. Shortly after, Absolute filed a Rule 12(b)(6) motion to dismiss and brief in support on December 23, 2020 (ECF Nos. 8, 9). Absolute moved to dismiss for failure to state a claim under Rule 12(b)(6) asserting *res judicata*, that the reasonable relationship test does not apply to highly compensated employees, and that she failed to allege facts showing her guaranteed salary was not reasonably related to her total pay. ECF No. 9 at 4, 11, 14. Absolute's motion, however, failed to challenge personal jurisdiction over any of the then-existing plaintiffs, at least five of whom were "out of state" plaintiffs (from Illinois, Indiana, Connecticut, Florida, and South Carolina).

Over the next months, several additional plaintiffs opted into the case. Additional opt-in plaintiffs joined the action on February 23, 2020. ECF No. 25. Before Plaintiff filed her First Amended Complaint on September 15, 2021, she filed notices on behalf of the opt-in plaintiffs

on July 19, 2021, July 22, 2021, and August 3, 2021. ECF Nos. 27, 28, 30. After Plaintiff filed her First Amended Complaint, she filed three additional notices on behalf of additional opt-in plaintiffs on November 22, 2021, March 23, 2022, and April 29, 2022. ECF Nos. 50, 53, 64. Absolute filed the present Motion to Dismiss Fist Amended Complaint in Part pursuant to Federal Rule of Civil Procedure 12(b)(2) on September 30, 2021. ECF No. 35. In the Motion, Defendant concedes that this Court has specific jurisdiction over Plaintiff Natalie Adam's claim but alleges that this Court lacks personal jurisdiction over Absolute as it pertains to the claims of the "out of state" putative opt-in plaintiffs, relying on the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). *Id.* at 1-2. Plaintiff argues that *Bristol-Myers* does not foreclose specific jurisdiction in collective FLSA actions and that Absolute has waived its personal jurisdiction defense because some non-Texas opt-ins were already before the Court when Absolute filed its first Motion to Dismiss. ECF No. 41 at 3-4.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

A party may waive certain defenses such as an objection to personal jurisdiction. Rule 12(h)(1)(A) states that a party waives defenses listed in Rule 12(b)(2)-(5) by omitting them from a motion under the circumstances defined in Rule 12(g)(2). Fed. R. Civ. P. 12(h)(1)(A). These circumstances preclude a party that makes a Rule 12 motion from making another Rule 12 motion "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Lack of personal jurisdiction is a Rule 12(b)(2) motion that a party may waive under these circumstances. To waive a personal jurisdiction defense, a party must omit the defense from a previous Rule 12 motion where the defense was available. A defense is available under

Rule 12(g)(2) if its legal basis existed at the time of initial pleading. *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020).

### III. DISCUSSION

**A. Absolute Waived its Objection to Personal Jurisdiction for Some Opt-In Plaintiffs.**

This Court must first determine whether Absolute waived its personal jurisdiction defense. Rule 12(g)(2) prohibits a party from a raising a defense "that was available to the party but omitted from its earlier [Rule 12] motion." Fed. R. Civ. P. 12(g)(2). "Thus, lack of personal jurisdiction is waived if a party omits the defense from a Rule 12 motion and the defense was 'available.'" *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 249 (5th Cir. 2020). This Court must determine then whether Absolute's personal jurisdiction defense was available when it filed its previous Rule 12 motions. Absolute's present motion (brought under Rule 12(b)(2)) argues that "Plaintiff cannot establish specific jurisdiction as to the claims asserted on behalf of any out-of-state putative opt-in plaintiffs.". ECF No. 35 at 4. If these claims existed at the time of Absolute's first motion to dismiss (filed on December 23, 2020), then the personal jurisdiction defense was available at that time.

Opt-in plaintiffs become parties to an action when "they give consent in writing to become such a party and such consent is filed in court." 29 U.S.C. § 216(b). In this case, all opt-in plaintiffs consented in writing and filed their consents with the Court. *See, e.g.,* ECF Nos. 7, 25, 27, 28, 30, 50, 53, 64. Some of the opt-in plaintiffs in this case joined this action before Absolute's first Rule 12 motion, and some joined after. *See id*. A legal basis was therefore available for Absolute's personal jurisdiction defense against the opt-in plaintiffs who joined before its first Rule 12 motion. Since this defense was available during the first Rule 12 motion, the Court finds that Absolute waived its objection to personal jurisdiction as to the opt-in

4

plaintiffs who had joined this action before December 23, 2020.[1] Absolute could not object to personal jurisdiction, however, for the opt-in plaintiffs who joined after its first Rule 12 motion. The Court finds that Absolute did not waive its personal jurisdiction defense in regard to the opt-in plaintiffs who filed their consent with the court *after* its first Rule 12 motion on December 23, 2020.[2]

As Absolute did not waive its objection to personal jurisdiction for all of the opt-in plaintiffs, this Court will address whether it has personal jurisdiction over the claims of the opt-in plaintiffs who joined the action after December 23, 2020.

**B.      Personal Jurisdiction Over the Opt-In Plaintiffs**

Defendant argues that the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017) requires this Court to dismiss the claims of the non-resident opt-in plaintiffs.[3] ECF 35 at 5-6. Defendant argues that (1) because the FLSA

---

[1] These "out-of-state" plaintiffs include Jesse Spann (an Illinois resident who worked for Absolute in Mississippi) ECF 32-1; Gary Verdone (Connecticut resident working in that state) ECF 32-2; Arlam Kramer (Indiana) ECF 32-3; David Vincent (Florida resident working in Louisiana) ECF. 32-4; and Howard Tock, (South Carolina resident working in North and South Carolina) ECF 32-5.

[2] These would include Richard Hinman, Jr (ECF No. 25), Albert Barker (ECF No. 27), Denise Smith (ECF No. 28), Sam Betts and Rodney Blanche ECF No. 30), Danny Akins, John Feminella, Wavery Graham, James Jank, Darren O'Hare, Henry Strickland and Edward Webb (ECF No. 50), Janice Ericson (ECF No. 53), Janice Ericson (ECF No. 64), David M. Powell (ECF No. 74), and Jay Kane and Velua Robinson (ECF No. 75)

[3] At least one Court has had the opportunity to but has declined to address the issue of personal jurisdiction at the Motion to Dismiss Stage. *See Alvarado v. Envolve Client Servs. Grp., LLC*, No. EP-22-CV-00292-FM, 2023 WL 1423995 (W.D. Tex. Jan. 31, 2023) (Montalvo, J.) In *Alvarado*, the Court found it premature to address jurisdiction because "it is possible that no members opt-in to this putative collective action, adding to the possibility that any jurisdictional ruling would address a purely hypothetical issue." *Id*. at *3 (W.D. Tex. Jan. 31, 2023). There, the "claims of opt-in collective action members" were not before the court, and the jurisdiction issue was thus never briefed. *Id*. The Court therefore found it inappropriate to issue an advisory

5

does not make each collective member a party to the suit (and therefore does not "truly authorize a class action"), and (2) because the FLSA has no nationwide mechanism of service of process, personal jurisdiction would need to be established on a claim-by-claim basis. ECF No. 35 at 5. Accordingly, because out-of-state plaintiffs would be unable to satisfy personal jurisdiction, their claims would need to be dismissed. Defendant argues that the opt-in plaintiffs in a collective action under the FLSA are comparable to the non-resident plaintiffs in the mass-tort action in *Bristol-Myers*, and this Court should apply a similar jurisdictional inquiry. ECF No. 35 at 6.

In *Bristol-Myers*, plaintiffs in a mass tort action sued Bristol-Myers Squibb Co. in California state court, asserting state-law claims related to injuries caused by one of its medications. 137 S. Ct. at 1778. Some plaintiffs were California residents, whereas others were not. *Id*. at 1783-84. Bristol-Myers Squibb, incorporated in Delaware and headquartered in New York, sought to quash service of summons on the nonresidents' claims. *Id*. The Supreme Court held that, under "settled principles of personal jurisdiction," the California court lacked personal jurisdiction over the non-California plaintiffs, who did not claim they were injured in California and could not show an adequate link between their claims and California. *Id*. at 1781-82.

Plaintiff disagrees that *Bristol-Myers* bars the out-of-state plaintiffs' claims. Instead, Plaintiff argues that *Bristol-Myers* only limits state courts or claims based on state-law. Plaintiff contends that *Bristol-Myers* does not apply to claims of federal subject matter in federal courts and was never intended to extend to collective or class actions brought in federal courts. ECF No. 41 at 5-6. Plaintiff argues that *Bristol-Myers* only addressed limits on personal jurisdiction

---

opinion on an issue not before the Court. *Id*. In the present case however, the out-of-state Plaintiffs are not hypothetical, they have filed opt-in claims (*see supra* n. 2), and the personal jurisdiction issue is appropriately before the Court, as it was the *sole* issue raised in this Motion to Dismiss.

imposed by the Fourteenth Amendment's due process clause, which federal courts only look to for service of process under Federal Rule of Civil Procedure 4. *Id.* at 7-10.

The application of *Bristol-Myers* to FLSA cases is far from settled law. The First Circuit says it does not apply, while the Third, Sixth, and Eighth Circuits hold that it does. *Compare Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 97 (1st Cir. 2022) (holding that FLSA does not bar collective actions by out-of-state employees since an alternative interpretation "would frustrate a collective action's two key purposes," namely "enforcement" and "efficiency") (*quoting Swales v. KLLM Transp. Servs.*, L.L.C., 985 F.3d 430, 435 (5th Cir. 2021)) *with Fischer v. Fed. Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022) (*"*We join the Sixth and Eighth Circuits and hold that, where the basis of personal jurisdiction in an FLSA collective action in a federal court is specific personal jurisdiction established by serving process according to Federal Rule of Civil Procedure 4(k)(1)(A), every plaintiff who seeks to opt-in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state"); *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397 (6th Cir. 2021) (holding that district courts lack specific personal jurisdiction over FLSA claims brought by out-of-state opt-in collective action plaintiffs) and *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865 (8th Cir. 2021) (holding that district courts must have personal jurisdiction over each individual claim in a collective action since personal jurisdiction is determined "on a claim-by-claim basis."). The Fifth Circuit has yet to weigh in on its application.

Similarly, District Courts within this State are split. The Northern District of Texas applies *Bristol-Myers* to the claims of non-resident opt-in plaintiffs. *See Martinez v. Tyson Foods, Inc.*, 4:20-CV-00528-P, 2021 WL 1289898, at *2 (N.D. Tex. Apr. 7, 2021); *Greinstein v. Fieldcore Services Sols., LLC*, 2:18-CV-208-Z, 2020 WL 6821005, at *1 (N.D. Tex. Nov. 20,

7

2020). The *Greinstein* court, for example, applied *Bristol-Myers* in part because the opt-in plaintiffs have the legal status of parties rather than class members and because of Congress's failure to "include a nationwide service of process provision in the FLSA." *Greinstein*, WL 6821005 at *4, *6. The Southern District of Texas meanwhile found *Bristol-Myers* irrelevant to the claims of non-resident opt-in plaintiffs. *Garcia v. Peterson*, 319 F. Supp. 3d 863, 879 (S.D. Tex. 2018) (refusing to apply *Bristol-Myers* in this context). The *Garcia* court reviewed cases applying and refusing to apply *Bristol-Myers* to class and collective actions, and ultimately decided not to apply it to collective actions under the FLSA. *Id.* at 880. More recently, however, and without disturbing the holding in *Garcia*, another Court in the Southern District of Texas identified the personal jurisdiction defenses against out-of-state opt-in plaintiffs post-*Bristol-Myers* to be sufficient to preclude certifying a collective action that included out-of-state employees. *See Loebsack v. Dufresne Spencer Grp., LLC*, No. 4:21-CV-1884, 2022 WL 2959718, at *5 (S.D. Tex. July 11, 2022), report and recommendation adopted, No. 4:21-CV-01884, 2022 WL 2954334 (S.D. Tex. July 26, 2022) ("Clearly, the individualized personal jurisdiction defense under *Bristol-Myers Squibb* is a non-frivolous issue that could be raised with respect to all employees in a collective action who were not employed in Texas. The potential application of the principles in *Bristol-Myers Squibb* to FLSA actions weighs heavily against certifying a collective action that includes employees whose claims have no connection to Texas and will be subject to a motion to dismiss on jurisdictional grounds."). The "majority of the courts that have addressed the issue" have found *Bristol-Myers* applicable to FLSA actions. *Id*. No courts in the Western District of Texas, however, have directly addressed this issue.[4]

---

[4] *But see* fn 3, supra.

While this is a close question, the Court finds the reasoning of *Fischer v. Fed. Express Corp.* to be sound and recommends that this Court not exercise personal jurisdiction over the out-of-state plaintiffs. 42 F.4th 366 (3d Cir. 2022). As a preliminary matter, the Court finds that the opt-in plaintiffs here under the FLSA are analogous to the out-of-state plaintiffs in the *Bristol-Myers* mass action. The straightforward reading of the statute indicates that any opt-in FLSA plaintiffs become a party to the action. The relevant portion of the statute states that "[n]o employee shall be a *party plaintiff* to any such action unless he gives his consent in writing to become such a *party* and such consent is filed in the court in which such action is brought." 29 U.S.C.A. § 216(b) (emphasis added). This is not a class action, which is subject to the provisions and protections of Rule 23. "All told, the text, history, and weight of the case law uniformly supports the view that FLSA collective actions are fundamentally different from Rule 23 class actions. At bottom, an FLSA collective action proceeds 'as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 380 (3d Cir. 2022) (citing *Campbell v. City of L.A.*, 903 F.3d 1090, 1105 (9th Cir. 2018)). \

In *Fischer*, the Third Circuit recently grappled with the same issue before this Court. In finding FLSA collective action to not be analogous to a Rule 23 class action, it must be then treated like a traditional case. "[W]e believe an FLSA collective action should operate like an individual in personam suit for purposes of personal jurisdiction, meaning the district court must have personal jurisdiction over the defendant with respect to each opt-in plaintiff's individual claim." 42 F.4th at 380. Because Congress did not include a nationwide service of process into

the FLSA statute, *something it could have done*,[5] the Court finds that jurisdictional analysis from *Bristol-Myers* must apply to each of the FLSA plaintiffs.

The Court is not persuaded by the reasoning of *Waters*. *Waters* reached its conclusion that non-resident opt-in plaintiffs did not have to separately satisfy personal jurisdiction because it held that Rule 4 of the Federal Rules of Civil Procedure dealt with service of the summons and did not limit jurisdiction once summons had been served. *See Waters*, 23 F.4th at 93-94. The *Waters* court held that once summons was properly served and a defendant was before the court, only the Due Process Clause of the Fifth Amendment—not the Fourteenth—limited the exercise of jurisdiction in cases based on federal question. *Id*. at 97. The *Waters* court reached that conclusion by setting aside the plain language of Rule 4(k)—"Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant"—and relying on the overall language of the rule, the history of the rule, and the existence of Rule 20 that addressed permissive joinder of plaintiffs. *Id*. at 93-97.

The Federal Rules of Civil Procedure do not expressly address this situation. Nothing in the rules specifically limits jurisdiction after service of the summons, but nothing specifically expands it beyond the Due Process Clause of the Fourteenth amendment as incorporated in Rule 4(k) either. The only limit specifically addressed by the rules is the application of the Fourteenth amendment, by the plain language of the rules. In keeping with this plain language, this Court believes that opt-in plaintiffs must satisfy the jurisdictional requirements of the Fourteenth Amendment as described in *Greinstein*. This appears to be closer to the approach followed by the

---

[5] As noted in *Greinstein*, Congress could have provided for nationwide service of process in the FLSA as it did in the Clayton Act (15 U.S.C. § 22) twenty-four years earlier. "The lack of a similar provision in the FLSA suggests that Congress intended to limit where nationwide actions can be brought. "When Congress knows how to provide a remedy but does not do so, courts should infer that Congress's decision was intentional." 2020 WL 6821005, at *6.

Fifth Circuit in *Point Landing, Inc. v. Omni Cap. Int'l, Ltd.* 795 F.2d 415, 427 (5th Cir. 1986), *aff'd sub nom. Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). While *Point Landing* dealt with initial service of process, the Fifth Circuit adhered closely to the language of Rule 4(e) and declined to apply an expansive approach to service based on nationwide contacts. *Id*. Thus, this Court believes that the proper approach is to follow a narrower reading of Rule 4(k) than what advocated in *Waters. See Fischer*, 42 F.4th at 387, fn 10 (disagreeing with *Waters* and stating, "We disagree that joinder rules are categorically exempt from the general requirement for establishing personal jurisdiction under Rule 4(k) with respect to all plaintiffs' claims. . . . We decline to read other joinder rules as implicitly authorizing the exercise of personal jurisdiction when those rules are silent as to service of process. Instead, we think joinder rules are still governed by the background service of process rules in Rule 4(k)(1)(A) and (1)(B).").

Additionally, following *Waters* would create an unintended situation not anticipated by the Federal Rules of Civil Procedure. Under *Waters*, the initial plaintiff in an FLSA case must satisfy Rule 4(k) for service and specific personal jurisdiction. But if an out-of-state plaintiff were the first plaintiff to file suit, that plaintiff would not be able to establish specific jurisdiction over the defendant if there was no general jurisdiction and the relevant conduct occurred out-of-state. That case would need to be dismissed for lack of jurisdiction. Under *Waters*, however, if the initial plaintiff could establish specific jurisdiction, opt-in plaintiffs would be free to join without the need to prove specific jurisdiction over their claim. *See Waters*, 23 F.4th 84. Thus under *Waters,* an out-of-state plaintiff who could never maintain the initial lawsuit would only need to either join a suit filed by an in-state plaintiff or find an in-state plaintiff to file first, and then the out-of-state plaintiff could join and maintain a lawsuit in a jurisdiction where the out-of-

state plaintiff was otherwise legally incapable of maintaining suit. The possibility of such a result further convinces this Court that each opt-in plaintiff must establish personal jurisdiction over its claim.

In light of the foregoing, the Court looks to Rule 4 to determine whether it has personal jurisdiction over a defendant. "Rule 4(k)(1)(A) is the traditional source of personal jurisdiction in federal courts." *Fischer*, 42 F.4th at 382. Rule 4(k)(1)(A) confirms that service establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." The other portions of Rule 4(k)(1) are inapplicable as they allow summons to establish jurisdiction over a party properly joined under Rules 14 or 19 or when authorized by statute. F.R.C.P. 4(k)(1)(B) & (C). Neither of those situations exist for FLSA cases, and so this Court must look to Rule 4(k)(1)(A) for the effect of service on jurisdiction. For FLSA cases filed in Texas federal court, a defendant's "amenability to personal jurisdiction [is] determined under Texas' long-arm statute." *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992). The Texas long-arm statute extends "as far as the federal constitutional requirements of due process will allow." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). When the long arm statute extends to the fullest extent authorized by the Constitution, "Rule 4(k)(1)(A) incorporates the constitutional limits on jurisdiction imposed by the Fourteenth Amendment." *Fischer,* 42 F.4th at 383 (citing *Daimler AG v. Bauman)*, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). As the *Fischer* court notes, federal courts are limited to the Fourteenth Amendment "because Rule 4(k)(1)(A) does not authorize jurisdiction broader than what would be permissible for a state." *Id.*

This Court is unable to find proper personal jurisdiction over the defendant for out-of-state plaintiffs. *Bristol-Myers* delineated the extent to which a California state could permissibly

obtain specific jurisdiction over a defendant and held that "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" 137 S. Ct. at 1780-81 (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Just as in *Bristol-Myers*, this Court is unable to find a sufficient "affiliation" between the opt-in out-of-state plaintiffs and the state of Texas other than the fact that the named Plaintiff Adams happened to work.here and filed suit here. A Texas state court would not be able to exercise jurisdiction under *Bristol-Myers*, and nor could this federal court. As such, this Court declines to find personal jurisdiction over the out-of-state plaintiffs.

## IV. RECOMMENDATION

For the reasons stated above, the Court finds that Defendant did not file an untimely Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). However, for the reasons discussed above, the Court **RECOMMENDS** that the Motion be **GRANTED-IN-PART**.

SIGNED this 27th day of April, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE