**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **NATALIE ADAMS,** | |
| **Plaintiff,** | |
| *v.* | **6:20-CV-01099-ADA-DTG** |
| **ABSOLUTE CONSULTING, INC.,** | |
| **Defendant.** | |

## ORDER GRANTING-IN-PART PLAINTIFF'S OPPOSED MOTION
## FOR NOTICE TO PUTATIVE CLASS MEMBERS

Before the Court is Plaintiff's Opposed Motion for Notice to Putative Class Members seeking conditional certification and notice to all putative collective action members.[1] ECF No. 32. Defendant responded on October 10, 2021. ECF No. 42. Plaintiff filed a reply on October 29, 2021, to which Defendant's filed a sur-reply. ECF Nos. 45 and 49, respectively. Plaintiff also filed a Notice of Supplemental authority on March 9, 2023. ECF No. 76. This issue has been fully briefed and is ripe for a ruling. After carefully considering the arguments, legal authority, and exhibits, the Court finds the Plaintiff's Motion has merit and should be GRANTED-IN-PART.

---

[1] Plaintiff's motion seeks notice to class members. As this is a collective action under the Fair Labor Standards Act, and not a class action under Federal Rule of Civil Procedure 23, the Court will refer to putative collective members instead. *See Segovia v. Fuelco Energy, LLC*, Case No. SA-17-CV-1246-JKP, 2021 WL 2187956, at *5 (W.D. Tex. May 28, 2021).

## I.  BACKGROUND

Plaintiff asserts a single claim against Defendant for violating the Fair Labor Standards Act ("FLSA"). Plaintiff Adams filed an Original Complaint on December 12, 2020. ECF No. 1. Plaintiff filed a First Amended Complaint on September 15, 2021. ECF No. 33. In her complaint, Plaintiff alleges that she was an employee under the FLSA, that she received $110 per hour while working for Defendant, and that Defendant paid that hourly rate for all hours worked including hours exceeding forty (40) in a work week. *Id*. ¶¶ 21-23 Plaintiff contends that Defendant required employees such as Plaintiff to work fourteen hours in a week to receive a payment Defendant called a salary, and then Defendant paid employees the same hourly rate for every hour in a single workweek—even more than forty (40) hours. *Id*. ¶¶ 31-38. Plaintiff asserts that Defendant's applied this payment policy uniformly to Defendant's employees. *Id*. ¶¶ 49-52. Finally, Plaintiff contends that she and the putative collective members are not exempt from the overtime requirements under either the salary basis or duties test. *Id*. ¶¶ 57-68.

Defendant responded to Plaintiff's allegations by denying the majority of the allegations and asserting defenses. ECF No. 36. Defendant's answer to the First Amended Complaint denied Plaintiff's factual allegations regarding how she was paid. *See Id*. ¶¶ 20-21 (denying allegations that Plaintiff was an employee and that she earned $110 per hour), 23-25 (denying Plaintiff worked in excess of 40 hours per week and was paid straight-time for overtime). Defendant also generally asserted defenses of "exemptions, exclusions, or credits provided for under the FLSA," limitations, laches, or waiver. *Id*. ¶¶ 78-80.

Several Plaintiffs have consented to or joined this collective action. The following parties have opted-in to the collective action: Gerald Basden, Harvey Brau, Stanley Brown, Larry DeWolff, Eric Frevold, Jeff Harris, Brenda Henry, Jack Hickey, Randall Irons, Michael

Jennings, Dale Kinas, Arlan Kramer, Otho Markham, James McCrary, Clifton McNeely, Kevin

O'Connor, James Ratcliff, James Scirocco, Jesse Spann, Howard Tock, Gary Verdone, David

Vincent (ECF No. 7, Richard Hinman, Jr., (ECF No. 25), Albert Barker (ECF No. 27), Denise

Smith (ECF No. 28), Sam Betts, Rodney Blanche (ECF No. 30), Danny Akins, John Feminella,

Wavery Graham, James Jank, Darren O'Hare, Henry Strickland, Edward Webb (ECF No. 50),

Janice Ericson (ECF No. 53), Don Pharr (ECF No. 64), David M. Powell (ECF No. 74), Jay

Lloyd Kane and Velua S. Robinson (ECF No. 75).[2] If the Court decides that a notice should not

issue and this case not proceed as a collective, each of these opt-in plaintiffs would be dismissed

and would need to file and pursue a separate lawsuit. *See Swales v. KLLM Transp. Servs., L.L.C.*,

985 F.3d 430, 437 (5th Cir. 2021).

　　　Plaintiff's Motion seeks certification and notice to a proposed group of potential

collective members. Plaintiff requests notice be sent to all Absolute Consulting, Inc. (Absolute)

employees paid the same hourly rate for all hours worked, including those in excess of 40 in a

workweek—what Plaintiff terms straight time for overtime—in violation of the FLSA. ECF 32

at 1. In support of its Motion, Plaintiff presented declarations from six former employees

evidencing a payment policy of paying the same hourly rate for all hours worked in a single

week, including those in excess of 40. ECF No. 32-1 at ¶ 6, 32-2 at ¶ 6, 32-3 at ¶ 6, 32-4 at ¶ 6,

32-5 at ¶ 6, and 32-6 at ¶ 6. Plaintiff also provided earning statements demonstrating payment for

hours over 40 at the same rate as the hours up to 40. ECF No. 32-7. Plaintiff presented

---

[2] The following opt-in plaintiffs were dismissed as a result of the Court's prior Report and
Recommendation on personal jurisdiction (ECF No. 84): Richard Hinman, Jr (ECF No. 25),
Albert Barker (ECF No. 27), DeniseSmith (ECF No. 28), Sam Betts and Rodney Blanche ECF
No. 30), Danny Akins, John Feminella, Wavery Graham, James Jank, Darren O'Hare, Henry
Strickland and Edward Webb (ECF No. 50), Janice Ericson (ECF No. 53), Janice Ericson (ECF
No. 64), David M. Powell (ECF No. 74), and Jay Kane and Velua Robinson (ECF No. 75). Any
other opt-in plaintiffs without a sufficient connection to the forum should also be dismissed
under the Report and Recommendation.

contractual evidence demonstrating that Defendant paid at least two employees the same hourly rate for hours worked in excess of 40. ECF No. 32-8 at 4 (section 3.1 stating "[t]his salary equals an hourly rate of $50.00" and "hours above forty will be paid at the rate of $50.00 per hour."), at 12 (section 3.1 stating that the employee will receive $1,040.00 per week where the employee works a minimum of 13 hours, will receive $80.00 per hour for each hour "greater than 13 and less than or equal to forty (40)," and for any hours above 40 "will be paid at $80.00 per hour.").

## II.  ANALYSIS

Ruling on Plaintiff's Motion for Notice to Putative Class [Collective] Members requires application of the statute and recent Fifth Circuit law. The FLSA allows multiple employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). In 2021, the Fifth Circuit Court of Appeals eliminated the two-step approach to certification that existed at the time Plaintiff filed her Motion. *Swales*, 985 F.3d at 441. The Circuit instructed courts to make an early determination of discovery needed for deciding whether "similarly situated" employees exist, and once obtained, for deciding whether to send notice. *Id*. This requires the Court to decide early what facts and legal considerations will be material to determine if employees are similarly situated and authorize preliminary discovery accordingly. *Id*. at 441. The Court then decides early whether merits questions can be decided collectively. *Id*. at 442. The *Swales* court also made clear that the burden of providing evidence to demonstrate the existence of similarly situated employees for notice purposes rests with the plaintiff. *Id*.

There are three factors courts commonly consider in making this early determination. These are "(1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed

plaintiff; and (3) fairness and procedural considerations." *Trottier v. Fieldcore Services Solutions, LLC*, Case No. 2:20-cv-186-Z-BR; 2022 WL 658765 at *2 (citing *Torres v. Chambers Protective Servs., Inc.*, No. 5:20-CV-212-H, 2021 WL 3419705, at *3 (N.D. Tex. Aug. 5, 2021). These factors overlap and help the Court determine whether there is a factual nexus that binds all potential opt-in plaintiffs as alleged victims of a common policy or practice. *Segovia v. Fuelco Energy, LLC*, Case No. SA-17-CV-1246-JKP, 2021 WL 2187956 at *8 (W.D. Tex. May 28, 2021). When considering these factors, Courts are cautioned that differences among potential plaintiffs do not prevent a collective action unless those differences are material to the ultimate issues before the Court. *Id*. This evaluation is also not an opportunity for the Court to assess the merits, but rather focus on whether the merits questions can be answered collectively. *Id*. at *7 (citing *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010)). After conducting this inquiry, the court can decline to allow the case to proceed collectively, authorize additional necessary discovery, find that only a subcategory of employees should receive notice, or allow the originally requested notice. *See Swales*, 985 F.3d at 443.

Evaluating the disparate factual and employment settings of the plaintiffs supports allowing the case to proceed as a collective. Plaintiff argues that the employees are all similarly situated because they were subjected to the same allegedly illegal practice of being paid straight time for overtime. ECF No. 45 at 3. Plaintiffs support this allegation with six declarations confirming this practice. ECF Nos. 32-1, 32-2, 32-3, 32-4, 32-5, and 32-6. Plaintiffs also attach pay stubs from two plaintiffs showing the same hourly rate being used to calculate pay for time below and above 40 hours per week. ECF No. 32-7. Finally, Plaintiffs provide two employment agreements that confirm payment of the same hourly rate for hours below and above 40. ECF No. 32-8 at 4 (section 3.1 describing the salary as being equal to $50.00 per hour and that any

hours over 40 will be paid at $50.00) & 12 (section 3.1 describing payment of a bonus of $80.00 per hour for hours less than or equal to 40 and hours above 40 to be paid at $80.00 per hour).

Defendant focuses on the individual duties of the plaintiffs as involving extremely different skills and tasks. ECF No. 42 at 10 & 42-3. Defendant's attempt to highlight differences in job duties places too much emphasis on distinguishable cases. *Bunton v. LogistiCare Sols., LLC*, No. A-19-CV-00372-LY-SH, 2020 WL 376661, at *2 (W.D. Tex. Jan. 22, 2020); *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). As noted by Plaintiff, both of those cases involved allegations that the differences in job duties were material to the cases. ECF No. 45 at 4-5. Defendant relies on these cases to emphasize the importance of the varying job duties in connection with unnamed defenses and exemptions. ECF No. 42 at 11. Defendant fails to identify a single asserted defense or exemption to which such differences would apply. *Id*. The distinctions identified by Defendant are the type of differences that do not go to the merits and are not properly considered. *See Segovia*, 2021 WL 2187956 at *7.

Defendant's apparent attempt to raise defenses also supports proceeding as a collective action under the second factor. Defendants appear to raise the salary basis or highly compensated employee exceptions in the factual portion of their response. *See* ECF No. 42 at 3. Defendant contends that its employees were paid a base salary of at least $1,000 per week with "a bonus for every hour worked over a certain number." *Id*. These allegations and the supporting declaration are not individualized in any way. ECF No. 42 at 3 & 42-2 ¶¶ 5-7. Rather, they appear to fit with Plaintiff's evidence of pay stubs and employment agreements showing a common pay practice or policy. *Compare* ECF No. 42-2 ¶¶ 5-7 *with* ECF No. 32-7 & 32-8. While avoiding weighing the merits of such a potential defense, the Court views these allegations as supporting a common pay

practice and policy that applies to all potential collective plaintiffs. Such a merit-based defense can be answered collectively.

Finally, with some modifications to Plaintiff's notice, fairness and procedural considerations support proceeding with a collective action. This factor requires consideration of the FLSA objectives of lowering costs to the plaintiffs by pooling resources, and efficiently resolving common issues of law and fact arising from the same accused activity. *Segovia*, 2021 WL 2187596, at *11. The primary fairness and procedural issue raised by Defendant involves concern over sending notice to putative class members who lack a sufficient connection to the forum. ECF No. 42 at 4. While Plaintiff's disagreed, the Court has resolved this issue in Defendant's favor. *See* Report and Recommendation, ECF No. 84; Order Adopting, ECF No. 93. As such, employees without a sufficient connection to the State of Texas are not potential collective plaintiffs and should not receive notice. Thus, the Court will modify the potential notice accordingly.

The evidence offered by Defendant fails to undercut the fairness and procedural considerations in favor of a collective action. The only evidence provided as to the size of the potential collective action is Defendant's declarant's statement that its employees eighty-eight Field Professionals. ECF No. 42-2 ¶ 3. As Defendant connects this number to the salary arguments directed at Plaintiff, the Court infers that the realm of putative collective members is approximately eighty-eight–which includes those who would now be excluded in light of the Court's jurisdictional ruling. This makes the number of putative collective members likely less than eighty-eight. This is a procedurally manageable number of parties where both sides would benefit from pooling of resources and the efficiency of addressing the common pay practice and

common defenses such as the salary basis test in a single action. *See Segovia*, 2021 WL 2187956, at *11 (finding a collective of fifty-eight could be managed efficiently).

The Court accords no weight at this stage to Defendant's prior settlement. Plaintiff relied on a prior settlement by Plaintiff and a lawsuit by its parent in support of its argument that the salary basis test has no bearing on proceeding as a collective action. ECF No. 45 at 1. Defendant understandably took issue with such a use of prior settlement and a co-pending lawsuit involving its parent corporation. *See* ECF No. 49. The Court does not rely on either the settlement or co-pending lawsuit as any evidence to support the collective action. It further has no bearing on whether to send notice to class members without a sufficient connection to the State of Texas, because that issue was resolved by a prior order as noted above.

As all factors support proceeding as a collective action, the Court will grant Plaintiff's requested notice with the modification noted above. Defendant raised no objection to Plaintiff's proposed notice procedure. The only objection raised is that noted above concerning notice to putative collective members with no nexus to the forum. ECF No. 42 at 4. In light of the Court's prior ruling on jurisdiction as noted above, only parties with a potential nexus to the State of Texas should receive notice. The Court will limit recipients of the notice to those who either worked at a location in the State of Texas or resided in the State of Texas during any portion time while they were under contract with Defendant.

### III. CONCLUSION

Therefore, the Court GRANTS Plaintiff's Motion for Notice to Putative Class Members as modified. The Court hereby authorizes notice to Putative Collective Action members consisting of:

All current or former employees who worked in Texas for Absolute during the past 3 years and were paid straight time for overtime; and

All current or former employees whose permanent residence was Texas during any portion of their contract period with Absolute during the past 3 years and were paid straight time for overtime.

(the "Putative Collective Members").

It is further **ORDERED** that the Parties shall comply with the following deadlines and directives:

1. Fifteen (15) days from this Order, Defendant is to disclose the names, last known addresses, e-mail addresses (both personal and work, if available), phone numbers and dates of employment of the Putative Collective Members in a usable electronic format.

2. Thirty (30) days from this Order, Plaintiffs' Counsel shall send by mail and e-mail a copy of the Court approved Notice and Consent Form to the Putative Collective Members.

3. Thirty (30) days from the date Notice is first mailed and emailed to Putative Collective Members, Plaintiffs' Counsel is authorized to send by mail and e-mail a second identical copy of the Notice and Consent Forms to the Putative Collective Members. Plaintiffs' Counsel shall be allowed to follow up with all those Putative Collective Members who have not returned their Consent forms and whose mailed or emailed Notice and Consent Forms are returned as undeliverable with a phone call to ensure receipt of the Notice packet.

4. The Putative Collective Members shall have sixty (60) days to return their signed Consent forms for filing with the Court. At that time, Defendant may take down the posted Notice and Consent forms.

It is so **ORDERED** this 12th day of June, 2023.


_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE